UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAA-ANORKOR OKAI, JAMES KEVIN TILLORY,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER PERMANENTE CSC; et al.,<br><br>Defendants. | Case No.:  22-CV-112 TWR (BGS)<br><br>**ORDER (1) DISMISSING PLAINTIFF TILLORY FROM ACTION, (2) DENYING LEAVE TO AMEND COMPLAINT, AND (3) ORDERING PLAINTIFF TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO TIMELY TO EFFECT SERVICE ON DEFENDANTS**<br><br>(ECF Nos. 13, 22) |

**PLAINTIFF JAMES TILLORY**

On June 16, 2022, the Court ordered Plaintiff James Kevin Tillory to show cause why he should not be dismissed from this case for lack of Article III standing. (*See* ECF No. 13 ("Order") at 5.)  The Court instructed Tillory to file a response to the Order "not to exceed ten (10) pages, within thirty (30) days of the date of th[e] Order." (*See id.* at 6.)  Tillory, however, filed an untimely response that far exceeded the page limit. (*See* ECF No. 26.)  Accordingly, the document was rejected and stricken from the record. (*See id.*)  Thus, Tillory failed to show cause that he has Article III standing and the Court **DISMISSES WITHOUT PREJDUICE** Plaintiff Tillory from the action.

**LEAVE TO AMEND**

On August 1, 2022, Plaintiff Okai filed a Motion for Leave to Amend Complaint ("Mot.," ECF No. 22). Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Five factors are taken into account to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

Plaintiff Okai seeks to amend her Complaint to "correct the plaintiff's court case lawsuit information . . . so as to also effectuate service of legal process on the primary defendant." (*See id.* at 14.)[1] According to Plaintiff's Motion, counsel for Kaiser Foundation Health Plan ("KFHP"), mistakenly named as "Kaiser Permanente CSC," accepted service of Plaintiff's Complaint on July 21, 2022.[2] (*See id.* at 19.) KFHP's counsel did not accept service, however, for Defendants Lacey Lee or Diane Niethamer. (*Id.*)

These exhibits do not satisfy Rule 4.[3] *See* Fed. R. Civ. P. 4 ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."). Leave to amend, therefore, will not cure Plaintiff's failure properly to serve Defendants. Accordingly, as amendment appears futile, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Leave to Amend.[4]

---

[1] Citations to ECF No. 22 refer to the CM/ECF pagination.

[2] Plaintiff appears properly to have served KFHP on July 20, 2022—beyond the 90 days allowed by Federal Rule of Civil Procedure 4(m); nonetheless, KFHP accepted service. (*See* Mot. at 19.)

[3] Pro se plaintiffs still must follow the Federal Rules of Civil Procedure. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

[4] Further, Plaintiff failed to comply with the undersigned's Civil Standing Order by including a redline to show any anticipated edits, and the Court is therefore unaware whether good cause exits to

## ORDER TO SHOW CAUSE

"If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Plaintiff initiated this action on January 27, 2022. (*See* ECF No. 1.) Therefore, Plaintiff was required to serve all Defendants no later than April 27, 2022. Plaintiff, however, has not filed proof of service on any Defendant. (*See generally* Docket.) Accordingly, the Court **ORDERS** Plaintiff Okai to **SHOW CAUSE** as directed below why this action should not be dismissed as to all Defendants pursuant to Rule 4(m) and Civil Local Rule 4.1(b).

## CONCLUSION

In light of the foregoing, the Court (1) **DISMISSES WITHOUT PREJUDICE** Plaintiff Tillory from the action, (2) **DENIES WITHOUT PREJUDICE** Plaintiff Okai's Motion for Leave to Amend, and (3) **ORDERS** Plaintiff Okai to **SHOW CAUSE** why this case should not be dismissed for failure timely to effect service in compliance with the Federal Rules of Civil Procedure and this District's Civil Local Rules. Should she wish to proceed in this action, <u>within thirty (30) days of the date of this Order</u>, Plaintiff Okai **SHALL FILE** (1) proof of service of the Summons and the Complaint on each Defendant; and/or (2) a declaration under penalty of perjury showing good cause for her failure timely to serve any unserved Defendants, accompanied by a brief motion for leave to serve process outside of the ninety-day service limit.

///
///
///
///

---

amend. *See* Standing Order for Civil Cases Section III.A.5 ("Any amended pleading—not just those accompanying a motion for leave to amend—must be accompanied by a redline showing how the amended pleading differs from the operative pleading.").

*If Plaintiff Okai fails adequately to respond to this Order within the time provided, the Court will dismiss the action without prejudice.*

**IT IS SO ORDERED.**

Dated: August 25, 2022

Honorable Todd W. Robinson
United States District Judge