1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                    SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11 NAA-ANORKOR OKAI, | Case No.:  22-CV-112 TWR (BGS) |
| 12                 Plaintiff, | |
| 13 v. | **ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S** |
| 14 KAISER PERMANENTE CSC, LACEY LEE, DIANE NIETHAMER, and OPEIU | **COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(5); (2) GRANTING** |
| 15 LOCAL 30, | **IN PART AND DENYING IN PART DEFENDANTS' MOTION TO** |
| 16               Defendants. | **DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6); (3) AND DENYING** |
| 17 | **DEFENDANTS' MOTION TO STRIKE** |
| 18 | |
| 19 | |
| 20 | (ECF No. 25) |
| 21 | |

22         Presently before the Court is Defendants Kaiser Foundation Health Plan, Inc.,[1]

23   Lacey Lee, and Diane Niethamer's Motion to Dismiss Plaintiff's Complaint Pursuant to

24   Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) and to Strike Pursuant to Federal

25   Rule of Civil Procedure 12(f).  (ECF No. 25, "Mot.")  Also before the Court are Plaintiff

26   _____

27   [1]      Defendant Kaiser Foundation Health Plan, Inc. was erroneously sued as Kaiser Permanente CSC.

28   (ECF No. 25 at 6.)

Naa-Anorkor Okai's Opposition to (ECF No. 40, "Opp'n")[2] and Defendants' Reply in Support of the Motion (ECF No. 42, "Reply").   The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).   (*See* ECF No. 43.)  Having carefully considered Plaintiff's Complaint (ECF No. 1, "Compl."), the Parties' arguments, and the relevant law, the Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5), **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and **DENIES** Defendants' Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f).

## BACKGROUND

### I.   Factual Background

Plaintiff is a former employee of Defendant Kaiser Foundation Health Plan, Inc. ("KFHP").  (Compl. at 3, 5; Mot. at 10.)   Plaintiff was terminated from her job as an Account Administrative Representative in January 2020.   (Compl. at 5; Mot. at 10.) Defendants Diane Niethamer and Lacey Lee are individual current or former employees of KFHP—Defendant Lee was Plaintiff's last supervisor at KFHP and Defendant Niethamer is KFHP's Disability Coordinator.  (Compl. at 2; Mot. at 9–10.)   Plaintiff alleges she was wrongfully terminated from her employment for having a perceived disability and that her use of a "Reasonable Accommodation" caused her to lose her job.  (Compl. at 5.)   She also alleges she was retaliated against for opposing the accommodation process.   (*Id.*)[3]

---

[2]      Plaintiff filed over 800 pages of attachments to her Opposition.  (*See* ECF Nos. 40-2 to 40-10.) She also filed a "Supplemental Opposition" to Defendants' Motion with 500 pages of attachments.  (ECF No. 41, "Supp. Opp'n.")  The Court did not give Plaintiff permission to file a Supplemental Opposition, but these additional documents make no difference to the Court's ultimate disposition of Defendants' Motion because Plaintiff's Complaint remains deficient with or without consideration of the Supplemental Opposition.  The Court cites a few of Plaintiff's arguments in the Supplemental Opposition only to show why Plaintiff's Complaint remains deficient.

[3]      In her Oppositions and attachments thereto, Plaintiff provides more factual details regarding her termination.  (*See generally* Opp'n; *see generally* Supp. Opp'n; *see generally* ECF Nos. 40-1, 40-3.)  In sum, she explains that she made her supervisor aware that a medication she was taking required increased

## II.   Procedural History

In January 2022, Plaintiff and a friend named James Kevin Tillory, filed a Complaint against Defendants KFHP, Niethamer, and Lee.[4]  (*See* Compl. at 1–2.)  Liberally viewed, the Complaint alleges that Defendants: (1) wrongfully terminated and retaliated against Plaintiff in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112–12117, and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900–12996; and (2) violated the standards of the Occupational Safety and Health Administration ("OSHA"), 29 U.S.C. §§ 651–654; 29 C.F.R. § 1910.141. (Compl. at 3, 5.)  In the section of the Complaint explaining the basis for this Court's jurisdiction over Plaintiff's claims, Plaintiff, in passing and without further explanation, also states the Court has jurisdiction under the First and Fourteenth Amendments.  (*Id.* at 3.)

/ / /

---

use of the restroom during the workday.  (ECF No. 40-1 at 3.)  Defendant Niethamer then told Plaintiff she would need to get a signed note from her doctor that included the amount of breaks Plaintiff would need and how long each break needed to be.  (*Id.* at 6.)  Defendant Lee also responded to Plaintiff and requested that Plaintiff send a daily email with the time and length of the additional breaks Plaintiff took each day.  (*Id.* at 9, 14.)  Plaintiff kept a log of her bathroom usage and submitted the log to Defendant Lee, including photographic evidence of her use of the bathroom.  (ECF No. 40-3 at 18.)  Defendant KFHP subsequently terminated Plaintiff.  (*Id.*)  But the Court cannot take any of this information into account when ruling on Defendants' Motion.  Instead, when ruling on a motion to dismiss under Federal Rule of Procedure 12(b)(6), the Court can only consider the pleadings, documents incorporated into the Complaint, and matters of public record.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001), *abrogated on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002); *see also Bryan v. Wal-Mart Stores, Inc.*, 669 F. App'x 908, 909 (9th Cir. 2016).  Because none of the facts in Plaintiff's Oppositions were included in the Complaint or attached to the Complaint, and there is no evidence that any of the information is part of the public record, the Court does not consider that information.  Instead, a plaintiff "seeking to propound new factual allegations must usually seek leave of the court to amend the original complaint."  *Ruiz v. Laguna*, No. 05CV1871WQH, 2007 WL 1120350, at *26 (S.D. Cal. Mar. 28, 2007); *see id.* ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (citation omitted)).

[4]    Plaintiff also filed suit against a local union (OPEIU Local 30).  (*See* Compl. at 1–2.)  But Defendant OPEIU Local 30 separately answered Plaintiff's Complaint, (*see* ECF No. 7), and is not a party to the Motion to Dismiss, (*see generally* Mot.).

In June 2022, the Court ordered James Kevin Tillory to show cause why he should not be dismissed as a plaintiff in this case for lack of Article III standing.  (*See* ECF No. 13 at 5.)  The Court subsequently dismissed Tillory from the action for failure to show that he had such standing.  (ECF No. 27 at 1.)

Plaintiff continued to prosecute the case and in July 2022, she filed proofs of service showing that she mailed the Summons, Complaint, and an acknowledgment of receipt of service pursuant to California Code of Civil Procedure section 415.30 to all Defendants. (ECF Nos. 18–21.)  As to Defendant Lee, Plaintiff mailed the Summons and Complaint to "Lacey Lee, c/o: Kaiser Permanente California Service Center" at an address on Murphy Canyon Road and to "Melisa N. McKellar, Attorney" at an address on Executive Square. (ECF No. 19 at 1–2.)  As to Defendant Niethamer, Plaintiff mailed the Summons and Complaint to "Diane Niethamer" at an address in Corona, California and to "Melisa N. McKellar, Attorney" at an address on Executive Square.  (ECF No. 20 at 1–2.)  Attorney Melisa McKellar is named on the docket as the attorney for Defendants KFHP, Niethamer, and Lee.  (*See generally* Docket.)  In communications between Attorney McKellar and Plaintiff, McKellar told Plaintiff that she had agreed to accept service for Defendant KFHP but did not agree to accept service on behalf of Defendants Niethamer and Lee.  (ECF No. 22 at 19; ECF No. 25-1 ("McKellar Decl.") ¶ 4; ECF No. 25-3 ("Ex. 2") at 2.)  Defendant KFHP returned the acknowledgment of receipt to Plaintiff, (ECF No. 23), but Plaintiff did not receive an acknowledgment of receipt from Defendant Niethamer or Defendant Lee, (*see generally* Docket; ECF No. 41-1 at 10).  Shortly after, the Court ordered Plaintiff to show cause why her Complaint should not be dismissed for failure to timely and properly serve Defendants.  (*See* ECF No. 27 at 2–3.)  Plaintiff responded by refiling the same proofs of service.  (ECF Nos. 29–30.)

In the meantime, in August 2022, before the Court had dismissed Tillory from the action, Defendants KFHP, Niethamer, and Lee filed the instant Motion asking the Court to dismiss certain parties and claims from the Complaint.  (*See* Mot. at 6–10.)  First, Defendants move to dismiss Plaintiff's Complaint against Defendants Niethamer and Lee

4

for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).  (*Id.* at 7, 10.)  Second, Defendants move to dismiss the following claims in Plaintiff's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6): (1) Tillory's ADA and FEHA claims; (2) Plaintiff's ADA and FEHA claims for retaliation and disability discrimination against Defendants Niethamer and Lee; (3) Plaintiff's OSHA claims; and (4) Plaintiff's First and Fourteenth Amendment claims.  (*Id.* at 6–7, 9.)  Finally, pursuant to Federal Rule of Civil Procedure 12(f), Defendants move to strike Plaintiff's prayer for attorney's fees because Plaintiff, as a pro se litigant, is not entitled to attorney's fees.  (*Id.* at 7, 10.)  Plaintiff opposes Defendants' Motion, but also admits that, in general, she filed a deficient Complaint due to time constraints.  (*See* ECF No. 40 at 7 ("I unintentionally filed a deficient Complaint our [sic] of necessity to avoid expiration of statutory limits.").)  Plaintiff thus requests leave to amend her Complaint to cure any deficiencies.  (*See id.*)

## LEGAL STANDARDS

### I.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5)

"Service of process is the mechanism by which the court acquires" jurisdiction over a defendant.  *United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 771 (9th Cir. 2004).  Accordingly, a plaintiff's failure to adequately serve process results in the Court's lack of jurisdiction over the defendant.  *See id.*; *Omni Capital Int'l, LTD v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Futures Trading Practices Act of 1992, Pub. L. No. 102–546, § 211, 106 Stat. 3590, 3607–08.  A defendant may mount a defense by claiming insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).  In that case, the plaintiff "bear[s] the burden of establishing that service was valid under [Federal Rule of Civil Procedure] 4."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  "[I]n the absence of proper service of process, the district court has no power [over the defendant] unless the defendant has consented to jurisdiction or waived the lack of process."  *SEC v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007).

1

**II.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)**

2

        "A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to

3   state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'"

4   *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro*

5   *v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)).  "A district court's dismissal for failure to

6   state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of

7   a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

8   theory.'"  *Id.* at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

9   Cir. 1988)).

10         "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and

11  plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v.*

12  *Iqbal*, 556 U.S. 662, 677–78 (2009).  "[T]he pleading standard Rule 8 announces does not

13  require 'detailed factual allegations,' but it demands more than an unadorned, the-

14  defendant-unlawfully-harmed-me accusation."  *Id.* at 678 (quoting *Bell Atl. Corp. v.*

15  *Twombly*, 550 U.S. 544, 555 (2007)).  In other words, "[a] pleading that offers 'labels and

16  conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"

17  *Id.* (quoting *Twombly*, 550 U.S. at 555).

18         "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

19  accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting

20  *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

21  factual content that allows the court to draw the reasonable inference that the defendant is

22  liable for the misconduct alleged."  *Id.*  "[W]here the well-pleaded facts do not permit the

23  court to infer more than the mere possibility of misconduct, the complaint has alleged—

24  but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id.* at 679 (second

25  alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

26         "If a complaint is dismissed for failure to state a claim, leave to amend should be

27  granted 'unless the court determines that the allegation of other facts consistent with the

28  challenged pleading could not possibly cure the deficiency.'"  *DeSoto v. Yellow Freight*

*Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  "A district court does not err in denying leave to amend where the amendment would be futile." *Id.*

## III.   Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).

"Motions to strike are 'generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice.'" *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (quoting *Rosales v. Citibank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001)).  "[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991).  And "courts may not resolve 'disputed and substantial factual or legal issue[s] in deciding . . . a motion to strike.'" *Whittlestone*, 618 F.3d at 973.  Furthermore, Rule 12(f) "does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Id.* at 974–75.

## ANALYSIS

## I.   Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5)

Defendants Niethamer and Lee move to dismiss Plaintiff's claims against them, arguing they have not been properly served with the Summons and Complaint.  (Mot. at 18.)  Plaintiff asserts that she served Defendants Niethamer and Lee at their last known addresses.  (ECF No. 41-1 at 9–10.)  Neither Defendant ever responded to Plaintiff's attempted service.  (*Id.* at 10.)

7

Service of process requires a plaintiff to serve a copy of the summons and complaint on the defendant. Fed. R. Civ. P. 4(c). To serve an individual defendant, a plaintiff may serve process according to the laws of the state (1) where the district court is located, or (2) where service is made. Fed. R. Civ. P. 4(e)(1). Here, Plaintiff attempted to serve Defendants Niethamer and Lee by mail according to California law. (*See* ECF Nos. 19–20, 29–30.)

Under California law for service by mail, a "copy of the summons and of the complaint shall be mailed (by first-class mail or airmail, postage prepaid) to the person to be served, together with two copies of the notice and acknowledgment provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender." Cal. Civ. Proc. Code § 415.30(a). "Service of a summons [by mail] is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." *Id.* § 415.30(c). And "[i]f the person to whom a copy of the summons and of the complaint are mailed pursuant to this section fails to complete and return the acknowledgment form set forth in subdivision (b) within 20 days from the date of such mailing, the party to whom the summons was mailed shall be liable for reasonable expenses thereafter incurred in serving or attempting to serve the party by another method permitted by this chapter." *Id.* § 415.30(d).

Here, Plaintiff mailed the Summons, Complaint, and acknowledgment of receipt to Defendant Lee at "Kaiser Permanente CSC" at an address on Murphy Canyon Road. (ECF No. 19 at 1; ECF No. 29 at 2.) She mailed the same documents to Defendant Niethamer at an address in Corona, California. (ECF No. 20 at 1; ECF No. 30 at 1.) Defendant Lee contends that she does not work for Kaiser Permanente CSC or at the address on Murphy Canyon Road and no one at that address is authorized to accept service on her behalf. (Mot. at 18.) Defendant Niethamer does not discuss her relationship to the Corona address where Plaintiff sent the documents but argues Plaintiff did not sufficiently serve her under California law. (*Id.*)

/ / /

"Once service is challenged, [Plaintiff] bear[s] the burden of establishing that service was valid." *Brockmeyer*, 383 F.3d at 801.  But Plaintiff only states that she mailed the documents to the last known address for the individual Defendants.  (ECF No. 41-1 at 9–10.)  She provides no evidence showing any connection between Defendant Lee and the Murphy Canyon address or between Defendant Niethamer and the Corona address.  And even if those were Defendants' correct addresses, Plaintiff never received a signed acknowledgment of receipt, rendering her service incomplete and requiring Plaintiff to attempt to serve Defendants by another method permitted under California or federal law. *See* Cal. Civ. Proc. Code § 415.30 (c)–(d); Fed. R. Civ. P. 4.  There is no evidence before the Court that Plaintiff made such an attempt.  Therefore, Plaintiff's attempt to serve Defendants Lee and Niethamer by mail at the Murphy Canyon Road and Corona addresses was insufficient. *See Loera v. Ccalfin AI CA 5 LLC*, No. CV 12-01463 MMM (SHx), 2012 WL 12860563, at *2 (C.D. Cal. Sept. 14, 2022) ("Plaintiffs' mere declaration that they sent the summons and complaint to a certain address via mail is insufficient to show service under § 415.30.").

Plaintiff also mailed the Summons, Complaint, and acknowledgment of receipt to Attorney McKellar, who represents Defendants KFHP, Lee, and Niethamer in this action. (ECF No. 19 at 2; ECF No. 20 at 2; *see generally* Docket.)  Defendants argue that service on Attorney McKellar was insufficient because McKellar agreed to accept service for Defendant KFHP but not for Defendants Lee and Niethamer.  (Mot. at 10–11, 18.)

Service of a complaint on a party's attorney is insufficient unless the attorney had authority from the client to accept service on the client's behalf. *See Aviara Parkway Farms, Inc. v. Agropecuaria La Finca*, No. 8-CV-2301-JM-BLM, 2012 WL 1019618, at *1–2 (S.D. Cal. Mar. 23, 2012) (citation omitted); *Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987).  "[T]he attorney-client relationship by itself is insufficient to convey authority to accept service." *Aviara Parkway Farms, Inc.*, 2012 WL 1019618, at *1 (citation omitted).  Here, Plaintiff makes no claim that Attorney McKellar was authorized to accept service on behalf of Defendants Lee and Niethamer.  Indeed,

Attorney McKellar specifically told Plaintiff that she did not agree to accept service for Defendants Lee and Niethamer.  (Ex. 2 at 2.)  Plaintiff's attempted service on Attorney McKellar was thus insufficient.

The Court therefore **GRANTS** Defendants' Motion to Dismiss Plaintiff's claims against Defendants Lee and Niethamer for insufficient service of process **WITHOUT PREJUDICE**.

## II. Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

### A. Defendants' Motion as to James Kevin Tillory's Claims Is Moot

Defendants admit that their request for the Court to dismiss Tillory from this action is moot since the Court already dismissed Tillory without prejudice.  (Reply at 2 n. 1.)  The Court thus **DENIES** Defendants' Motion to Dismiss against Tillory as moot.

### B. Even If Plaintiff Had Properly Served Defendants Niethamer and Lee, Plaintiff Fails to State ADA and FEHA Claims Against Those Defendants

Defendants contend that Plaintiff has failed to state an ADA or FEHA claim against Defendants Niethamer and Lee because individuals, including supervisors and coworkers, are not individually liable under those Acts.  (Mot. at 15.)[5]  Plaintiff responds that she is not bringing her ADA and FEHA claims against Defendants Niethamer and Lee in their official capacities—she is only bringing those claims against Niethamer and Lee in their individual capacities, outside the scope of their employment.  (ECF No. 41-1 at 4–5.)  Defendants are correct that individual Defendants cannot be held liable under Title I of the ADA or FEHA.

/ / /

---

[5]     Defendants also generally highlight that Plaintiff's Complaint "does not specify what claims are alleged against which Defendant." (Mot. at 10.)  Defendants thus assume "that all claims are brought . . . against each Defendant named in the Complaint." (*Id.*)  While Defendants do not appear to seek dismissal on this ground, the Court warns Plaintiff that any future pleadings that fail "to specify which of the [i]ndividual Defendants committed the alleged violation" will not meet federal pleading requirements. *See Garrett v. Governing Bd. of Oakland Unified Sch. Dist.*, 583 F. Supp. 3d 1267, 1281 (N.D. Cal. 2022).

The Ninth Circuit has explained that individual defendants cannot be held personally liable for violations of Title I of the ADA.  *See Walsh v. Nev. Dep't of Hum. Res.*, 471 F.3d 1033, 1038 (9th Cir. 2006).  "In *Walsh,* the Court closely analyzed the language of the ADA and concluded that, because Title I of the ADA adopts both a definition of 'employer' and a remedial scheme that is 'identical in many respects' to Title VII of the Civil Rights Act of 1964, the bar against individual agents of the employer established in [*Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583 (9th Cir. 1993)] in Title VII civil suits applies to the ADA."  *Wynes v. Kaiser Permanente Hosps.*, No. 2:10-CV-00702-MCE-GGH, 2010 WL 3220137, at *5 (E.D. Cal. Aug. 13, 2010).  Here, Plaintiff seeks to bring ADA claims against individual Defendants Niethamer and Lee—who, if anything, may be individual agents of the employer—which is clearly prohibited by the Ninth Circuit.  *See id.*  The Court thus **GRANTS** Defendants' Motion to Dismiss Plaintiff's ADA claims against Defendants Niethamer and Lee in their individual capacities **WITH PREJUDICE**.

The same is true for Plaintiff's FEHA claims against Defendants Niethamer and Lee.  "[T]he California Supreme Court has made clear that individuals . . . cannot be held liable under FEHA for claims based on discrimination or retaliation."  *Garrett*, 583 F. Supp. 3d at 1281; *see Jones v. Lodge at Torrey Pines P'ship*, 42 Cal. 4th 1158, 1160 (2008) (stating that under FEHA, non-employer individuals may not be held liable for discrimination or retaliation).  The Court thus **GRANTS** Defendants' Motion to Dismiss Plaintiff's FEHA Claims against Defendants Niethamer and Lee in their individual capacities **WITH PREJUDICE**.

### C.    *Plaintiff's OSHA Claims Must Be Dismissed*

Defendants move to dismiss Plaintiff's OSHA claims, arguing there is no private right of action under OSHA and, even if there was, the Complaint fails to state any facts to support an OSHA violation.  (Mot. at 15–16.)  Plaintiff admits that she did not intend for violations of the OSHA standards to be "part of [her] claims for relief."  (ECF No. 41-1 at 6.)  From what the Court can tell, Plaintiff seeks to use evidence of alleged OSHA

/ / /

11

1  violations to prove the harm she suffered relating to her other claims against Defendants.
2  (*See id.* at 6–7.)  Regardless, the Court addresses any alleged OSHA claims below.

3      Defendants are correct that "OSHA violations do not themselves constitute a private
4  cause of action."  *Crane v. Conoco, Inc.*, 41 F.3d 547, 553 (9th Cir. 1994); *see id.* (citing
5  language in 29 U.S.C. § 653(b)(4) that "[n]othing in this chapter shall be construed to . . .
6  enlarge or diminish or affect in any other manner the common law or statutory rights,
7  duties, or liabilities of employers and employees").  Instead, "OSHA creates an intra-
8  agency mechanism by which an alleged violation can be raised by a private actor . . . ,
9  suggesting that Congress did not intend OSHA-based actions to be litigated by private
10 actors in federal court."  *Glanton v. Harrah's Ent., Inc.*, 297 F. App'x 685, 687 (9th Cir.
11 2008) (citation omitted); *see Lillis v. Apria Healthcare, Inc.*, No. 12CV0052-GPC-KSC,
12 2013 WL 1561491, at *8 (S.D. Cal. Apr. 11, 2013) (dismissing OSHA claim with prejudice
13 because "there is no private cause of action for an OSHA violation").  The Court thus
14 **GRANTS** Defendants' Motion to Dismiss Plaintiff's OSHA claim **WITH PREJUDICE**.

15          ### *D.      Plaintiff's Constitutional Claims Must Also be Dismissed*

16     Defendants move to dismiss Plaintiff's First and Fourteenth Amendment claims—
17 to the extent Plaintiff intended to bring such claims—stating Plaintiff has offered no factual
18 support for those claims, including any allegation that Defendants are state actors.  (Mot.
19 at 17.)  Plaintiff asserts that she intended to bring her First and Fourteenth Amendment
20 claims against the State of California Department of Fair Employment and Housing—an
21 entity not named as a defendant in this action.  (ECF No. 41-1 at 8.)  In effect, Plaintiff
22 concedes that her First and Fourteenth Amendment claims are not properly brought against
23 the named Defendants.  (*See id.*)

24     Regardless, Defendants are correct that Plaintiff has failed to state a claim for
25 violations of her First and Fourteenth Amendment rights.  The First and Fourteenth
26 Amendments prohibit certain state action and do not protect against private conduct.  *See*
27 *Roberts v. AT&T Mobility LLC*, 877 F.3d 833, 837 (9th Cir. 2017); *Am. Mfrs. Mut. Ins. Co.*
28 *v. Sullivan*, 526 U.S. 40, 49–50 (1999).  Plaintiff, however, has not alleged that the named

Defendants are state actors.  (*See* Compl. at 2–3.)  Furthermore, Plaintiff has provided no facts to support a claim for a violation of her First or Fourteenth Amendment rights.  *See Iqbal*, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)).  The Court therefore **GRANTS** Defendants' Motion to Dismiss Plaintiff's constitutional claims **WITHOUT PREJUDICE**.

## III. Defendants' Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)

Defendants argue that Plaintiff's Prayer for Relief improperly seeks an award of attorney's fees given her status as a pro se litigant.  (Mot. at 17.)  As such, Defendants move to strike Plaintiff's prayer for attorney's fees pursuant to Federal Rule of Civil Procedure 12(f).  But Rule 12(f) "does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."  *Whittlestone*, 618 F.3d at 974–75.  This is because the language of Rule 12(f) "plainly cannot be read to allow for the striking of a requested remedy as legally barred."  *Bragg Live Food Prods., LLC. v. Nat'l Fruit Prod. Co.*, No. 2:22-CV-00584-SB-SK, 2022 WL 3574423, at *3 n.4 (C.D. Cal. July 22, 2022).  The Court thus **DENIES** Defendants' Motion to Strike Plaintiff's prayer for attorney's fees.

### CONCLUSION

For the foregoing reasons, the Court (1) **GRANTS** Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5); (2) **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6); and (3) **DENIES** Defendants' Motion to Strike pursuant to Federal Rule of Civil Procedure 12(f).  The Court also **GRANTS** Plaintiff leave to amend her Complaint within sixty (60) days of the date of this Order.  Plaintiff is not permitted to reallege ADA or FEHA claims against Defendants Lee and Niethamer in their individual capacities.  Nor is she permitted to reallege any OSHA violation claims.  Plaintiff is reminded that any amended complaint supersedes the Original Complaint in its entirety, *see CDK Global LLC v. Brnovich*, 16 F.4th 1266, 1274 (9th Cir. 2021), and must be

13

complete by itself without reference to the Original Complaint, *see* S.D. Cal. Civ. L.R. 15.1; *Johnson v. Paul*, No. 20-CV-2174-JLS (WVG), 2020 WL 12689868, at *1 (S.D. Cal. Dec. 10, 2020).   Defendants not named and any claim not re-alleged in an amended complaint will be considered waived.  *See Johnson*, 2020 WL 12689868, at *1.  Plaintiff is also reminded that she must serve any amended complaint on Defendants Lee and Niethamer according to Federal Rule of Civil Procedure 4 since she has not yet properly served those Defendants.[6]  *Should Plaintiff elect not to file a timely amended complaint, this action will proceed as to Plaintiff's surviving causes of action.*

**IT IS SO ORDERED.**

Dated:  February 21, 2023

Honorable Todd W. Robinson
United States District Judge

---

[6]      Since Defendant KFHP accepted service of Plaintiff's Original Complaint, Plaintiff is permitted to serve any amended complaint on Defendant KFHP according to Federal Rule of Civil Procedure 5.  *See Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 999 (9th Cir. 2007) (stating that Federal Rule of Civil Procedure 5 governs "every pleading subsequent to the original complaint unless the court otherwise orders because of numerous defendants"); *Bricklayers & Allied Craftworkers Local Union No. 3 v. Palomino*, No. C-901589-CW (DMR), 2010 WL 2219595, at *3 n. 6 (N.D. Cal. June 2, 2010) ("[S]ervice of an amended complaint under [Rule 5] is permitted *if the original complaint was properly served* and the defendant has made an appearance in the action." (emphasis added and omitted)).